IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTINE RANDALL | ) | |
| | ) | |
| | ) | Case No. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| PARAMEDIC SERVICES OF ILLINOIS | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**COMPLAINT**

**NOW COMES** the Plaintiff, Christine Randall ("Randall") (hereinafter "Plaintiff"), by and through her attorney, Pavía & Lázaro, LLC for her Complaint against Paramedic Services of Illinois, ("PSI") state as follows:

**NATURE OF ACTION**

This action challenges PSI's discriminatory and retaliatory treatment of a pregnant and disabled employee who engaged in protected activity. After Plaintiff asked for accommodation for her pregnancy-related disability, Defendant discriminated and retaliated against Plaintiff by denying her accommodation and discharging her from employment. Worse, following Plaintiff's protest of Defendant's unlawful activity, and filing a related charge for discrimination, Defendant further retaliated against Plaintiff by refusing to hire her after she re-applied for employment following her unlawful termination.

## JURISDICTION AND VENUE

1. Plaintiff's claims arise under Title VII of the Civil Rights Act of 1964. Jurisdiction of this Court is invoked pursuant to 28 U.S.C §§ 1331 and 1343.

2. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b). Defendant's unlawful conduct took place within the jurisdiction of this Honorable Court.

3. Plaintiff filed timely charges with the Equal Employment Opportunity Commission ("EEOC") and received a Notice of Right to Sue, thereby fully complying with the procedural requirements under Title VII.

4. On March 16, 2015, the EEOC issued a determination and found reasonable cause to believe that PSI denied reasonable accommodation for, and discriminated against Plaintiff on the basis of, her disability related to her pregnancy. The EEOC further found reasonable cause to believe that PSI retaliated against Plaintiff for engaging in protected conduct.

5. On April 2, 2018, the EEOC issued right to sue letters to Plaintiff. As such, the Complaint is timely.

## PARTIES

6. Plaintiff previously worked as a Critical Care Paramedic for Defendant. During all relevant times Plaintiff resided in this judicial district.

7. At all relevant times, Defendant PSI has continuously been a corporation doing business in the State of Illinois and the City of Chicago. PSI provides contracted paramedics, paramedic/firefighters, and critical care transport personnel to communities throughout Illinois.

**FACTUAL ALLEGATIONS**

8. Plaintiff began working for PSI in or around July 2012.

9. In or around March 2013, Plaintiff informed Defendant she was pregnant.

10. Plaintiff's doctor considered her pregnancy to be "high-risk," accordingly on or about April 8, 2013, Plaintiff provided Defendant with certification from her doctor stating that, due to lifting restrictions, she recommended Plaintiff be placed on maternity leave and return to work "6-8 weeks postpartum." The certification listed her anticipated "end of confinement" (her anticipated delivery date) as October 21, 2013.

11. In light of her lifting restrictions, Plaintiff requested an accommodation, which Defendant refused without engaging in a good faith, interactive process. Instead, Defendant placed Plaintiff on an unpaid leave of absence for six months. Defendant further stated that Plaintiff was not eligible to have any part of her leave covered by the Family Medical Leave Act ("FMLA").

12. Since Plaintiff's six-month leave was due to expire on October 8, 2013, and Plaintiff's due date was not until October 21, 2013, Plaintiff applied for FMLA leave on September 6, 2014.

13. Although Defendant had originally informed Plaintiff she was not eligible for FMLA, Defendant responded on September 11, 2013 by denying Plaintiff's request, stating her FMLA leave had been applied retroactively and thus, she had exhausted her FMLA leave.

14. Defendant failed to engage in a good faith and interactive process to determine whether reasonable accommodation, in the form of a short extension of her leave due to her disability, should be provided to the Plaintiff.

3

15. Defendant discriminated against Plaintiff by failing and/or refusing to offer her reasonable accommodation.

16. Prior to the effective date of Plaintiff's termination, on October 7, 2013, Plaintiff, through her attorney, asserted that Defendant was discriminating against her on the basis of her disability and again requested reasonable accommodation.

17. Instead of engaging in the interactive process or offering reasonable accommodation, Defendant responded on October 9, 2013, confirming Plaintiff had been discharged. Defendant stated that once she was able to work she could "apply for any available position for which she is qualified for. At such time, PSI will consider Ms. Randall, with any other qualified applicants, to fill the available position, if any exist."

18. Thus, Defendant terminated Plaintiff's employment on October 8, 2013.

19. In a letter dated October 23, 2014, Plaintiff again alleged discrimination and requested accommodation for her "high-risk pregnancy" in the form of a slight extension of her leave. Defendant again refused to consider an extension of her leave as an accommodation and refused to reconsider its termination decision.

20. On or about January 30, 2014, following the birth of her child, Plaintiff re-applied for employment with Defendant. Because Plaintiff had engaged in the above-mentioned protected activities, Defendant retaliated against Plaintiff by refusing to hire her.

21. On or about January 31, 2014, Plaintiff filed a charge with the EEOC claiming that Defendant discriminated against her on the basis of her sex and disability. Plaintiff filed a second charge on May 6, 2014 claiming Defendant discriminated against

her because of her sex, disability, and in retaliation for engaging in protected activity when Defendant failed to rehire her on January 30, 2014.

22. In investigating Plaintiff's charges, the EEOC received testimony from Plaintiff, Defendant's Human Resources Director, and Defendant's attorney. Confirming Defendant's retaliatory motive in not rehiring Plaintiff in January 30, 2014, Defendant's attorney stated "who would hire someone if they apply one day for a job and then file a charge against them the very next day?."

23. On March 16, 2015, the EEOC issued a determination and found reasonable cause to believe that PSI denied reasonable accommodation for, and discriminated against Plaintiff on the basis of her disability related to her pregnancy. The EEOC further found reasonable cause to believe that PSI retaliated against Plaintiff for engaging in protected conduct.

24. Plaintiff received Right-to-Sue notices from the EEOC regarding both charges on April 2, 2018.

**FIRST COUNT**
**DISCRIMINATION BASED ON PREGANCY & RELATED MEDICAL CONDITION IN VIOLATION OF 42 U.S.C. 2000e** *et seq.*
**(Against Defendant)**

25. As a separate and distinct Count, Plaintiff complains and realleges all of the allegations contained in this Complaint and incorporates them herein by reference into this Count as though fully set forth herein, excepting those allegations which are inconsistent with this Count.

26. At all times mentioned herein, 42 U.S.C. §2000e *et seq.* was in full force and effect and was binding upon Defendant which prohibits covered employers from discharging or discriminating against employees in the terms, conditions, or privileges of

5

employment on the basis of pregnancy, childbirth, or related medical conditions. 42 U.S.C. §2000e-2(a)(1), 2000e(k).

27. Plaintiff was an "employee" within the meaning of 42 U.S.C. 2000e *et seq.*, and is therefore entitled to the legal protections set forth in Title VII.

28. Defendant embarked on a campaign of discrimination and retaliation against Plaintiff by:

   a. Refusing to accommodate Plaintiff's pregnancy-related physical limitations;

   b. Refusing to allow Plaintiff to take additional leave for her pregnancy and pregnancy-related limitations; and,

   c. Terminating Plaintiff because of her pregnancy and/or pregnancy-related limitations and/or requests for accommodation.

29. As more fully alleged herein, Plaintiff was a pregnant woman. In or about March 2013, Plaintiff informed Defendant of her pregnancy.

30. On or about October 8, 2013, Defendant terminated her with actual and/or constructive knowledge of her pregnancy.

31. By terminating Plaintiff's employment because of her pregnancy and/or requesting reasonable accommodations for her physical limitations caused by her pregnancy, Defendant violated Title VII of the 1964 Civil Rights Act (42 U.S.C. §2000e *et seq.*).

32. Plaintiff is informed and believes, and thereon alleges, that Defendant's decision to terminate her employment was motivated by her pregnancy. Such discrimination resulted in damage and injury to Plaintiff as alleged herein.

33. As a proximate result of Defendant's wrongful conduct, Plaintiff has sustained and continues to sustain economic damages in lost earnings and other employment benefits in an amount according to proof.

34. As a proximate result of Defendant's wrongful conduct, Plaintiff has sustained and continues to sustain non-economic damages and emotional distress, including, but not limited to, loss of sleep, anxiety, tension, depression and humiliation.

35. Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from discrimination and retaliation.

36. As a result of Defendant's discriminatory acts as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of suit as pursuant to 42 U.S.C. §2000e-5(k).

## SECOND COUNT
**DISCRIMINATION BASED ON SEX IN VIOLATION OF 42 U.S.C. §2000e,** *et seq.*
**(Against Defendant)**

37. As a separate and distinct Count, Plaintiff complains and realleges all of the allegations contained in this Complaint and incorporates them herein by reference into this Count as though fully set forth herein, excepting those allegations which are inconsistent with this Count.

38. At all times mentioned herein, 42 U.S.C. §2000e *et seq.* was in full force and effect and was binding upon Defendant which prohibits covered employers from discharging or discriminating against employees in the terms, conditions, or privileges of employment on the basis of sex. 42 U.S.C. §2000e-2(a)(1), 2000e(k). Under Title VII, discrimination based on pregnancy is discrimination based on sex. 42 U.S.C. §2000e(k).

39. Plaintiff was an "employee" within the meaning of 42 U.S.C. 2000e *et seq.*, and is therefore entitled to the legal protections set forth in Title VII.

40. Defendant embarked on a campaign of discrimination and retaliation against Plaintiff by:

   a. Refusing to accommodate Plaintiff's pregnancy-related physical limitations;

   b. Refusing to allow Plaintiff to take additional leave for her pregnancy and pregnancy-related limitations; and,

   c. Terminating Plaintiff because of her pregnancy and/or pregnancy-related limitations and/or requests for accommodation.

41. As more fully alleged herein, Plaintiff was a pregnant woman. In or about March 2013, Plaintiff informed Defendant of her pregnancy.

42. On or about October 8, 2013, Defendant terminated her with actual and/or constructive knowledge of her pregnancy.

43. By terminating Plaintiff's employment because of sex, Defendant violated Title VII of the 1964 Civil Rights Act (42 U.S.C. § 2000e *et seq.*).

44. As a proximate result of Defendant's wrongful conduct, Plaintiff has sustained and continues to sustain economic damages in lost earnings and other employment benefits in an amount according to proof.

45. As a proximate result of Defendant's wrongful conduct, Plaintiff has sustained and continues to sustain non-economic damages and emotional distress, including, but not limited to, loss of sleep, anxiety, tension, depression and humiliation.

46. Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from discrimination and retaliation.

47. As a result of Defendant's discriminatory acts as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of suit as pursuant to 42 U.S.C. §2000e-5(k).

## THIRD COUNT
### DISABILITY DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 2000e, *et seq.* and the Americans with Disabilities Act, 42 United States Code §§ 12101-12213, *et seq.*
**(Against Defendant)**

48. As a separate and distinct Count, Plaintiff complains and realleges all of the allegations contained in this Complaint and incorporates them herein by reference into this Count as though fully set forth herein, excepting those allegations which are inconsistent with this Count.

49. At all times herein mentioned, the Americans with Disabilities Act, 42 United States Code §§ 12101-12213, *et seq.*, and their corresponding regulations were in full force and effect and were binding on Defendant. These sections, *inter alia*, require Defendant, as an employer, to refrain from discriminating against any employee on the basis of, among other things, physical disability or perceived physical disability.

50. Prior to her termination, Plaintiff was substantially limited in major life activities, including work, as a result of her pregnancy.

51. Nevertheless, Plaintiff could perform the essential functions of her position with or without a reasonable accommodation.

9

52. Defendant was aware of Plaintiff's disability, as set forth above, because Plaintiff informed Defendant of her disability and told Defendant of her limitations and need for accommodation.

53. In the alternative, Defendant perceived and regarded Plaintiff as having a disability.

54. At all times mentioned herein, Plaintiff was willing and able to perform the duties and functions of her position with a reasonable accommodation for Plaintiff's disability. At no time would the performance of the functions of the employment positions, with a reasonable accommodation for Plaintiff's disability, have been a danger to Plaintiff or any other person's health and/or safety, nor would it have created an undue hardship to the operation of Defendant's business.

55. On or about October 8, 2013, Defendant terminated Plaintiff because of her disability among other unlawful reasons.

56. As a proximate result of Defendant's wrongful conduct, Plaintiff has sustained and continues to sustain economic damages in lost earnings and other employment benefits in an amount according to proof.

57. As a proximate result of Defendant's wrongful conduct, Plaintiff has sustained and continues to sustain non-economic damages and emotional distress, including, but not limited to, loss of sleep, anxiety, tension, depression and humiliation.

58. Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from discrimination and retaliation.

59. As a result of Defendant's discriminatory acts as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of suit as pursuant to 42 U.S.C.A. § 12205.

**FOURTH COUNT**
**FAIURE TO ACCOMMODATE IN VIOLATION OF 42 U.S.C. § 2000e, *et seq*. and the Americans with Disabilities Act, 42 United States Code §§ 12101-12213, *et seq*.**
**(Against Defendant)**

60. As a separate and distinct Count, Plaintiff complains and realleges all of the allegations contained in this Complaint and incorporates them herein by reference into this Count as though fully set forth herein, excepting those allegations which are inconsistent with this Count.

61. At all times herein mentioned, the Americans with Disabilities Act, 42 United States Code §§ 12101-12213, *et seq.*, and their corresponding regulations were in full force and effect and were binding on Defendant. These sections, *inter alia*, require Defendant, as an employer, to refrain from discriminating against any employee on the basis of, among other things, physical disability or perceived physical disability.

62. Prior to her termination, Plaintiff was substantially limited in major life activities, including work, as a result of her pregnancy.

63. Nevertheless, Plaintiff could perform the essential functions of her position with or without a reasonable accommodation.

64. Defendant was aware of Plaintiff's disability, as set forth above, because Plaintiff informed Defendant of her disability and told Defendant of her limitations and need for accommodation.

65. In the alternative, Defendant perceived and regarded Plaintiff as having a disability.

66. At all times mentioned herein, Plaintiff was willing and able to perform the duties and functions of her position with a reasonable accommodation for Plaintiff's disability. At no time would the performance of the functions of the employment positions, with a reasonable accommodation for Plaintiff's disability, have been a danger to Plaintiff or any other person's health and/or safety, nor would it have created an undue hardship to the operation of Defendant's business.

67. Even though Plaintiff requested reasonable accommodation in the form of light duty work, and/or a leave of absence, Defendant failed and/or refused to reasonably accommodate Plaintiff and/or engage in good faith in the interactive process and discriminated against Plaintiff on the basis of her real and/or perceived disability.

68. As a proximate result of Defendant's wrongful conduct, Plaintiff has sustained and continues to sustain economic damages in lost earnings and other employment benefits in an amount according to proof.

69. As a proximate result of Defendant's wrongful conduct, Plaintiff has sustained and continues to sustain non-economic damages and emotional distress, including, but not limited to, loss of sleep, anxiety, tension, depression and humiliation.

70. Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from discrimination and retaliation.

71. As a result of Defendant's discriminatory acts as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of suit as pursuant to 42 U.S.C.A. § 12205.

**FIFTH COUNT**
**RETALIATION FOR REQUESTING A PREGNANCY DISABILITY ACCOMMODATION IN VIOLATION OF 42 U.S.C. § 2000e, *et seq.***
**(Against Defendant)**

72. As a separate and distinct Count, Plaintiff complains and realleges all of the allegations contained in this Complaint and incorporates them herein by reference into this Count as though fully set forth herein, excepting those allegations which are inconsistent with this Count.

73. At all times mentioned herein, 42 U.S.C. §2000e *et seq*. was in full force and effect and was binding upon Defendant, and each of them, which prohibits covered employers from engaging in retaliation against employees for engaging in legally protected activities. 42 U.S.C. §2000e-3(a).

74. Plaintiff was an "employee" within the meaning of 42 U.S.C. 2000e *et seq.*, and is therefore entitled to the legal protections set forth in Title VII.

75. Defendant embarked on a campaign of discrimination and retaliation against Plaintiff by:

   a. Refusing to accommodate Plaintiff's pregnancy-related physical limitations;

   b. Refusing to allow Plaintiff to take additional leave for her pregnancy and pregnancy-related limitations; and,

  c. Terminating Plaintiff because of her pregnancy and/or pregnancy-related limitations and/or requests for accommodation.

76. As more fully alleged herein, Plaintiff was a pregnant woman. In or about March 2013, Plaintiff informed Defendant of her pregnancy.

77. On or about October 8, 2013, Defendant terminated her with actual and/or constructive knowledge of her pregnancy.

78. By terminating Plaintiff because she requested a pregnancy disability leave, Defendant violated the retaliation provision of Title VII of the 1964 Civil Rights Act (42 U.S.C. § 2000-3e(a) ).

79. Moreover, after Plaintiff protested Defendant's discriminatory actions and this illegal termination, Defendant further retaliated against Plaintiff by refusing to hire her when she reapplied for employment on January 30, 2014.

80. As a proximate result of Defendant's wrongful conduct, Plaintiff has sustained and continues to sustain economic damages in lost earnings and other employment benefits in an amount according to proof.

81. As a proximate result of Defendant's wrongful conduct, Plaintiff has sustained and continues to sustain non-economic damages and emotional distress, including, but not limited to, loss of sleep, anxiety, tension, depression and humiliation.

82. Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiffs' right to be free from discrimination and retaliation.

83. As a result of Defendant's acts as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of suit as pursuant to 42 U.S.C. §2000e-5(k).

## SIXTH COUNT
### RETALIATION IN VIOLATION OF 42 USC § 12203
**(Against Defendant)**

84.  As a separate and distinct Count, Plaintiff complains and realleges all of the allegations contained in this Complaint and incorporates them herein by reference into this Count as though fully set forth herein, excepting those allegations which are inconsistent with this Count.

85.  At all times herein mentioned, the Americans with Disabilities Act, 42 United States Code §§ 12101-12213, *et seq.*, and their corresponding regulations were in full force and effect and were binding on Defendant. These sections, inter alia, require Defendant, as an employer, to refrain from retaliating against any employee on the basis of, among other things, requesting a reasonable accommodation for their disability.

86.  An employer may not take adverse action against an individual who has opposed any practice the ADA makes unlawful or pursued her rights under the ADA. 42 USC § 12203.

87.  Prior to her termination, Plaintiff was substantially limited in major life activities, including work, as a result of her pregnancy. Nevertheless, Plaintiff could perform the essential functions of her position with or without a reasonable accommodation.

88.  In the alternative, Defendant perceived and regarded Plaintiff as having a disability.

89.  At all times mentioned herein, Plaintiff was willing and able to perform the duties and functions of her position with a reasonable accommodation for Plaintiff's disability. At no time would the performance of the functions of the employment

15

positions, with a reasonable accommodation for Plaintiff's disability, have been a danger to Plaintiff or any other person's health and/or safety, nor would it have created an undue hardship to the operation of Defendant's business.

90. Plaintiff requested reasonable accommodations from her employer, including, but not necessarily limited to, a leave of absence.

91. On or about October 8, 2013, Defendant, in part terminated Plaintiff in retaliation for requesting reasonable accommodation among other unlawful reasons.

92. Moreover, after Plaintiff protested Defendant's discriminatory actions and this illegal termination, Defendant further retaliated against Plaintiff by refusing to hire her when she reapplied for employment on January 30, 2014.

93. As a proximate result of Defendant's wrongful conduct, Plaintiff has sustained and continues to sustain economic damages in lost earnings and other employment benefits in an amount according to proof.

94. As a proximate result of Defendant's wrongful conduct, Plaintiff has sustained and continues to sustain non-economic damages and emotional distress, including, but not limited to, loss of sleep, anxiety, tension, depression and humiliation.

95. Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from discrimination and retaliation.

96. As a result of Defendant's discriminatory acts as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of suit as pursuant to 42 U.S.C.A. § 12205.

**SEVENTH COUNT**
**SEX DISCRIMINATION IN VOILATION OF THE ILLINOIS HUMAN RIGHTS ACT**
**(Against Defendant)**

97. As a separate and distinct Count, Plaintiff complains and realleges all of the allegations contained in this Complaint and incorporates them herein by reference into this Count as though fully set forth herein, excepting those allegations which are inconsistent with this Count.

98. The Illinois Human Rights Act, as amended makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of sex.

99. By its conduct described herein, Defendant subjected Plaintiff to sexual discrimination in violation of the Illinois Human Rights Act.

**EIGTH CAUSE OF ACTION**
**DISABILITY DISCRIMINATION IN VOILATION OF THE ILLINOIS HUMAN RIGHTS ACT**
**(Against Defendant)**

100. As a separate and distinct Count, Plaintiff complains and realleges all of the allegations contained in this Complaint and incorporates them herein by reference into this Count as though fully set forth herein, excepting those allegations which are inconsistent with this Count.

101. The Illinois Human Rights Act, as amended makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of disability.

102. By its conduct described herein, Defendant subjected Plaintiff to disability discrimination in violation of the Illinois Human Rights Act.

## NINTH CAUSE OF ACTION
## RETALIATION IN VOILATION OF THE ILLINOIS HUMAN RIGHTS ACT
**(Against Defendant)**

103. As a separate and distinct Count, Plaintiff complains and realleges all of the allegations contained in this Complaint and incorporates them herein by reference into this Count as though fully set forth herein, excepting those allegations which are inconsistent with this Count.

104. The Illinois Human Rights Act makes it unlawful for an employer to discriminate against an employee who has opposed an unlawful employment practice.

105. Plaintiff complained of and/or protested sex, pregnancy and disability discrimination.

106. Defendant retaliated against Plaintiff for her complaints in violation of the Illinois Human Rights Act by, in part, refusing to hire her when she applied for employment following her unlawful termination.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter judgment in their favor and against Defendant, and enter an Order awarding the following relief:

    a.    All wages and benefits they would have received but for the discrimination;

    b.    Compensatory damages;

    c.    Punitive damages;

    d.    An award of costs, as provided by F.R.C.P. 54(d)(1);

      e.      An award of reasonable attorney's fees, as provided by 42 U.S.C. § 2000e-5(k); or 42 U.S.C. § 1988(b); and

      f.      Such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: May 18, 2018

                Respectfully Submitted,

                Pavía & Lázaro, LLC

                /s/ Rafael E. Lázaro
                321 S. Plymouth Court, Suite 1250
                Chicago, Illinois 60604
                (312) 461-9900;
                (773) 305-4068 (fax)
                rlazaro@pavialazaro.com